UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-81148-CIV-MARRA

INNOVATIVE PATENTED TECHNOLOGY, LLC.,

Plaintiff,

vs.

SAMSUNG ELECTRONICS CO., LTD and NOKIA CORPORATION,

Defendant.
_____/

**ORDER GRANTING MOTION TO STAY**

This cause is before the Court upon Defendants Nokia Corporation and Samsung Electronics Co., Ltd. ("Defendants") Joint Motion to Stay [DE 23]. The matter is fully briefed and ripe for review.  The Court has carefully considered the motion and is otherwise fully advised in the premises.

Defendants seek a stay of the instant case until pending litigation in the Northern District of Illinois concerning Plaintiff's ownership of the patents asserted in this action has been resolved.  The Illinois action was filed on September 10, 2007.[1]  Defendants inform the Court that the parties in the Illinois action are litigating the issue of who has standing to bring an action for infringement of the asserted patents.[2]  Defendants also inform the Court that should it be

---

[1] The instant action was filed December 5, 2007.  (DE 1.)

[2] Plaintiff, a third-party defendant/counterclaimant in the Illinois case, filed its Answer in the Illinois case on May 12, 2008 (DE 162 in the Northern District of Illinois case no. 07-cv-05081.)

determined that Plaintiff is the owner of the asserted patents, they are inclined to discuss settlement of this action.  Defendants argue that the issuance of a stay would not unduly prejudice Plaintiff and would simplify the issues and trial of this case.  Defendants point to cases that have held that courts routinely stay patent actions while ownership issues are resolved and that first filed actions are given priority over later filed actions.  In addition, Defendants note that discovery has not begun in the instant case and no trial date has been set.  Finally, in response to this Court's query, Defendants, who are not a party to the Illinois action, have informed the Court that they agree to be bound by the results of the Illinois action if Plaintiff prevails on the question of ownership, and therefore will be precluded from further litigating the ownership issue under the doctrine of issue.

In response, Plaintiff proposes that this Court enter a limited stay of all non-ownership discovery regarding patent validity, enforceability, infringement and damages, while this Court decides the ownership issue.  To that end, Plaintiff has filed a "motion for summary judgment that it owns and has standing to sue for patent infringement of its patents." (DE 34.)  Notably, Plaintiff does not challenge the cases provided by Defendants in support of their motion to stay, nor does Plaintiff cite to any controlling authority in support of their argument that this Court should decided the ownership issue prior to the earlier-filed Illinois action.  Likewise, Plaintiff does not disagree that the Illinois suit will resolve the ownership issue.  Instead, Plaintiff simply requests that this Court "quickly determine" the ownership issue.

District courts have the inherent power to stay litigation pending the outcome of a related proceeding in another forum.  Orders staying litigation are inherently discretionary, and stay orders are generally only reversed when they are "immoderate" and "of an indefinite duration."

See CTI-Container Leasing Corp. v. Uiterwyk Corp., 685 F.2d 1284, 1288 (11th Cir. 1982). Granting a motion to stay when pending litigation will address the ownership of the patent in suit is well within a court's discretionary power. See Gen-Probe Inc. v. Amoco Corp., 926 F. Supp. 948 (S.D. Cal. 1996); Pirkle v. Ogontz Controls Co., No. 86-3374, 1987 WL 19882, (E.D. Pa. 1987), aff'd, 852 F.2d 1293 (Fed. Cir. 1988). Here, the Court finds that it is appropriate to stay this action while the earlier-filed Illinois case makes a determination of the ownership issue. See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169, 1174 (11th Cir. 1984) ("In the absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case"); Genentech, Inc. v. Eli Lily & Co., 998 F.2d 931, 937-38 (Fed. Cir. 1993) (the first-filed rule gives preference to the first-filed suit when there are similar cases filed in one or more courts). In so doing, the Court seeks to avoid inconsistent judicial findings on the issue of patent ownership, unnecessary litigation costs and to conserve judicial resources. Leviton Mfg. Co., Inc. v. Interline Brands, Inc., No. 3:05-cv-123-J-22MCR, 2006 WL 2523137, * 2 (M.D. Fla. Aug. 30, 2006) (finding that when a patent is being litigated in two courts, a stay of the later-filed case preserves judicial resources, prevents duplicative expenses, and prevents the possibility of inconsistent judgments).

  Moreover, the Court is not convinced that it will be able to resolve the ownership issue more quickly than the Illinois court. Although Plaintiff has filed a motion for summary judgment in this case directed to the ownership issue, no discovery has been conducted. Before the Court can properly rule on Plaintiff's motion, Defendants will be entitled to conduct reasonable discovery. Snook v. Trust Co. of Georgia Bank of Savannah, N.A., 859 F.2d 865, 870 (11th Cir. 1988); WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988). Thus, for the foregoing reasons,

the Court will stay this case until the Illinois court renders its decision on the issue of ownership of the patent or until further order of this Court.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Joint Motion to Stay [DE 23] is **GRANTED**.  The Clerk is directed to administratively close this case and all pending motions are denied without prejudice to being reasserted once the stay is lifted.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 9th day of July 2008.

_____
KENNETH A. MARRA
United States District Judge